UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:12-CR-73 |
| ) | |
| TRAVIS SCOTT TRENT ) | |

**REPORT AND RECOMMENDATION**

Count 3 of the Indictment charges the defendant with being an "unlawful user and addict of a controlled substance in possession of various firearms." Defendant has moved to dismiss this count, relying upon the recent United States Supreme Court case of *District of Columbia v. Heller*, 554 U.S. 570 (2008). (Doc. 21).

In *Heller*, the Supreme Court declared unconstitutional under the Second Amendment a District of Columbia general ban on the possession of handguns. Defendant argues that the statute upon which Count 3 is based, 18 U.S.C. § 922(g)(3), criminalizes the possession of firearms in the home and, under *Heller*, this statute is subject to "heightened scrutiny." Defendant argues that there is no demonstrable connection between marijuana users or addicts and increased gun violence in the home, and therefore, under the heightened scrutiny standard, 18 U.S.C. § 922(g)(3) must be declared unconstitutional under the *Heller* rationale.

The Supreme Court noted that the right to keep and bear arms secured by the Second Amendment is not unlimited, and "nothing in [the court's] opinion should be taken to cast

doubt on long standing prohibitions on the possession of firearms by felons and the mentally ill . . . ." 554 U.S. at 626. Footnote 26 to the foregoing quote pointed out that those were merely examples and not an exhaustive list.

As a preliminary matter, the court respectfully disagrees with counsel's assertion that there is no demonstrable connection between drug users or addicts and increased gun violence. Within the past two weeks, this court conducted a hearing in which there was testimony that the defendant called the Sheriffs Department to report that there were trespassers on his property. When the deputy responded, the defendant, in a high state of agitation, pointed out a mob of armed individuals who were fast approaching defendant and the deputy. In reality, the field was empty and no one was there. The defendant was hallucinating due to his ingestion of illegal drugs, and he was armed.

In any event, defendant was unable to cite to the court any case from any circuit that had held § 922(g)(3) to be unconstitutional in light of *Heller*. On the other hand, the United States cited cases from a number of circuits which hold that § 922(g)(3) remains constitutional even after *Heller*.

Section 922(g)(3) of Title 18, prohibiting the possession of firearms by drug addicts and users, is presumptively valid, and *Heller* cannot reasonably be read as rendering the statute unconstitutional.

It is respectfully recommended that defendant's motion to dismiss Count 3, (Doc. 21),

2

be denied.[1]

    Respectfully submitted,

                                                          s/ Dennis H. Inman
                                         United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).